No. 3419

Second Circuit

MITCHELL ET AL. v. WILLIAMS

(July 1, 1929. Opinion and Decree.)

Blanchard, Goldstein & Walker, of Shreveport, attorneys for plaintiffs, appellees.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for defendants, appellants.

ODOM, J. The defendants, who own a certain commercial building in the city of Shreveport, employed plaintiffs, who are architects, to prepare plans and specifications for the reconstruction or remodeling of the said property, and to supervise the work of construction. It is plaintiffs' contention that they prepared and completed plans and specifications for said work, for which they now claim compensation. Inasmuch as the contemplated construction of the building was not carried out, plaintiffs do not claim the full amount of the fee which would have been due them if the reconstruction had been done and they had supervised the work.

It is not denied by defendants that, if plaintiffs had completed the plans and specifications for the work, they would be entitled to the amount which was awarded them by the district judge, so that the only dispute between the parties is whether plaintiffs did in fact complete the plans and specifications or whether they had done no more than to make pencil drawings up to the time it was decided by defendants and Mr. Mulcare, the prospective tenant, that the building should not be reconstructed.

The contract for the preparation of the plans and specifications, etc., was originally entered into by the architect, Mitchell, who, before any work was done, moved to the state of Florida; but, before going, he informed defendants of the fact that he would soon leave the city, and it was then decided between him and defendants that Mr. Schwarz, another architect of the city, should become associated with Mitchell and carry on the work.

Mr. Schwarz testified positively that the work of preparing the plans, drawings, and specifications had been fully completed at the time he was ordered to go no further, and there is no positive testimony to the contrary. Neither Drs. Pirkle and Williams, the defendants, nor Mr. Mulcare, the prospective tenant, who was consulted dur-

ing the whole time, could say definitely that the plans and specifications had not been completed. Dr. Pirkle and Dr. Williams seem to feel sure that they were not, and give as their reasons principally that Mr. Schwarz did not begin his work until the latter part of October, and that he was ordered to cease about the 5th of November; and that the time was entirely too short to enable him to complete them.

Our conclusion, after reading all the testimony, is that Schwarz was at work on the plans and specifications for a considerably longer time than defendants think he was. Defendants testified that the contract was entered into with Mitchell in the latter part of October. We think they are mistaken. Mr. Mitchell testified that his first discussion with defendants with reference to the matter took place in the spring of 1925, and that the contract was finally entered into in the month of July, before he left for the state of Florida. Mr. Mulcare is not very definite as to the time that Mr. Schwarz was working on the plans, but, taking his testimony as a whole, we are convinced that it must have been in the early part of October, at least. He said that he had conferences with the defendants and with Mr. Schwarz, the architect, with reference to the construction of the building, and that he was familiar with the work as it progressed. He testified that at some time in the month of October he underwent an operation which confined him to his home for a considerable length of time, and, from his testimony as a whole, we conclude that some of his conferences with the architect must have been previous to the date of his illness. He is not very definite as to the exact date on which he went back to work, but, as we gather, it was around the 1st of November, and he finally stated that he definitely decided not to lease the building about two weeks after he returned to his work, which would be about the middle of November. As to what stage the architect's work had progressed, Mr. Mulcare stated that he was not sure that the plans and specifications had been completed, but that he thought the plans for the first floor and the basement, which he was to occupy, had been finished, as he saw them, but that he paid no attention to any other part of the building.

Another reason why Dr. Williams thinks the plans and specifications had not been completed at the time the contract was called off is that, at a conference between himself and the architect, the latter exhibited to him only pencil drawings, and made no mention to him of the fact that he had completed the plans. He thinks that, if the architect had completed them, he would have said so. That is not necessarily true. As already stated, neither Dr. Williams nor any of the others could say definitely that the plans were not completed, while, on the contrary, plaintiffs testified positively that they were.

During the process of the work, Mulcare, the prospective tenant, suggested several changes in the plans, which were made, and it was agreed, it seems, that he should pay for this extra work. He finally paid plaintiffs $175, for which amount the district judge allowed credit.

There is no satisfactory reason suggested why this court should disturb the ruling of the district court on this question, and we think the judgment in favor of plaintiffs was correct; and it is therefore accordingly affirmed, with costs in both courts.